846 F.2d 72
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert C. KOCHEL, Sr., Plaintiff-Appellant,
v.
STATE OF MARYLAND, Defendant-Appellee.
 No. 88-1524.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 18, 1988.
Decided May 5, 1988.
 
 Robert C. Kochel, Sr., appellant pro se.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Robert C. Kochel, Sr., has brought this action alleging that the Maryland court commissioner's power to issue statements of charges, the documents which accuse an individual of a crime, is unconstitutional. Kochel does not identify the jurisdictional basis of the action; however, we interpret it as being brought pursuant to 42 U.S.C. Sec. 1983. The district court dismissed the action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). We affirm.
 
 
 2
 Kochel contends that the court commissioner's dual power to issue statements of charges and arrest warrants violates the separation of powers doctrine of articles I, II, and III of the Constitution as well as the due process clause of the fourteenth amendment because it allows the court commissioners to function both as judicial officers and as prosecutors. Neither claim entitles Kochel to relief.
 
 
 3
 Kochel's separation of powers argument is without merit. Articles I, II, and III of the Constitution deal solely with the structure of the federal government; they have no application to the structures of state government. Thus, the claim that the Maryland court commissioner system violates these articles is frivolous and was properly dismissed by the district court.
 
 
 4
 Kochel's due process claim is based on the fourth and fourteenth amendments' requirement that warrants be issued by a neutral and detached magistrate. See Shadwick v. City of Tampa, 407 U.S. 345 (1972). It is Kochel's contention that the commissioner cannot constitutionally issue a charging document and an arrest warrant because the finding of probable cause as to one impairs the neutrality and detachment necessary to a finding of probable cause as to the other. We disagree.
 
 
 5
 We do not believe that simply by virtue of issuing a statement of charges, a commissioner is "engaged in the often competitive enterprise of ferreting out crime," Johnson v. United States, 333 U.S. 10, 14 (1948), which can lead to loss of neutrality. It is the citizen or the law enforcement officer who actually initiates the charging procedure by filing a written application for a statement of charges. The commissioner's sole duty is to determine whether the application is supported by probable cause. Thus, the commissioner performs no independent investigative function.
 
 
 6
 Moreover, the commissioner has no control of the prosecution of an offense. The State's Attorney may terminate prosecution and dismiss the charge by entering a nolle prosequi or may "stet" the charge and thereby indefinitely postpone trial. This lack of control distinguishes this case from cases such as Coolidge v. New Hampshire, 403 U.S. 443 (1971), where the officer issuing the warrant was also to be the chief prosecutor at trial. In short, there is no reason to believe that the commissioners' authority to issue statements of charges unconstitutionally undermines their detachment and neutrality in regard to the issuance of arrest warrants. Kochel, therefore, was not denied due process of law.
 
 
 7
 For the foregoing reasons, we affirm the judgment of the district court dismissing Kochel's action. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 8
 AFFIRMED.